PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
ANN M. WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
FAITH TURNAGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH TURNAGE,<br><br>    Plaintiff,<br><br>v.<br><br>FUDENNA BROTHERS, INC., DR. VENITA ANTONIA LUE dba INTEGRATIVE PSYCHOTHERAPEUTIC SERVICES; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C07-01505 EDL<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

### CONSENT DECREE AND ORDER

1.  Plaintiff FAITH TURNAGE ("Plaintiff") filed her Complaint in this matter on March 16, 2007, alleging that defendants had violated her right to full and equal access to defendants' facilities, goods, and services, pursuant to provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California Civil Code §§ 51, 54, and 54.1 (the "Civil Code"), at the facilities located at 2450 Peralta Street, Fremont, California (the "Complaint").

2.  Defendants FUDENNA BROS., INC. (incorrectly identified as FUDENNA BROTHERS, INC.) ("Fudenna Bros., Inc.") and DR. VENITA ANTONIA LUE dba INTEGRATIVE PSYCHOTHERAPEUTIC SERVICES ("Dr. Lue") (collectively the "Defendants") deny all of the allegations raised by Plaintiff in the Complaint ("Complaint")

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

— 1 —

S:\jo\Cases\F\Fremont Medical Building\pleadings\fremont med consent decree v2.DOC

and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint. The parties hereby enter into this Consent Decree and Order for the purpose of resolving Plaintiff's claims for injunctive relief in this lawsuit without the need for protracted litigation.

**JURISDICTION:**

3. The parties to the Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 USC § 1331 for alleged violations of the ADA of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of Civil Code.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to the Consent Decree and Order agree to entry of this Order to resolve all claims regarding injunctive relief claims raised in the Complaint. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the parties to the Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA, the Civil Code and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and ADA Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order:

a)   <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is set forth in the "Recommended Action Items" in the report of Defendant Fudenna Bros., Inc.'s consultant Kim Blackseth dated February 29, 2008, which is incorporated herein by reference as if fully set forth in this document and attached as **Attachment A** hereto. In addition, Defendants agree to undertake: (1) to construct a conference room or other compliant are for upstairs tenants to meet or otherwise conclude business with any disabled users who cannot navigate the interior stairs to the second floor, (2) to install handrails and contrasting striping on treads on both sets of interior stairs, and (3) to modify the restrooms on the second story to be accessible to the same degree as contemplated for the restrooms located on the first floor, as described in the "Recommended Action Items" in **Attachment A**.

b)   <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work to the appropriate building department within 45 days of entry of this Consent Decree and Order by the court, will commence work within 45 days of receiving approval from the building department, and will complete work within 90 days of commencement. For work not requiring building permits, the work will be completed within 60 days of entry of this Consent Decree and Order by the court. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief within the agreed-upon timeframe (<u>e.g.</u>, delays resulting through no fault of Defendant Fudenna Bros., Inc.), defendants or their counsel will notify Plaintiff's counsel in writing within 30 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 365 days from the entry of this Consent Decree and Order.

c)   <u>Conference Room and Policy Implementation</u>: In addition to the agreed-upon remedial work, Defendant Fudenna Bros., Inc. will also provide a fully accessible conference room on the first floor which is available for use by all tenants to meet with disabled clients or guests. Defendant Fudenna Bros., Inc. will also notify all tenants in the building that the conference room is available for their use and that tenants should use the conference room to meet with disabled persons if their own office spaces are not accessible. Defendant Fudenna

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

— 3 —

S:\jo\Cases\F\Fremont Medical Building\pleadings\fremont med consent decree v2.DOC

Bros., Inc. will put in place a method for reserving the conference room with priority given to those who need the space to meet with persons with disabilities. Defendant Dr. Lue agrees to meet with disabled patients in this conference room and to offer this conference room to any patients who request an accessible space.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7. The parties have not reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. The parties agree that the issues of damages, attorney fees, litigation expenses, and costs will be determined by further negotiations between the parties, litigation or motions to the Court.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitutes the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein. The Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for monetary damages, attorney's fees, litigation expenses and costs, which will be determined by further negotiations between the parties, litigation or motions to the Court.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

— 4 —

S:\jo\Cases\F\Fremont Medical Building\pleadings\fremont med consent decree v2.DOC

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Complaint which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further loss with respect to any claims related to the Complaint, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the Complaint, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of the Complaint only and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree and Order, and exclusive of the referenced continuing claim for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the claims alleged in the Complaint.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for eighteen (18) months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. The Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 7/1, 2008

_____
Plaintiff FAITH TURNAGE

Dated: 7/1, 2008

_____
Defendant FUDENNA BROS, INC.

Dated: 7/1, 2008

_____
Defendant DR. VENITA ANTONIA LUE dba
INTEGRATIVE PSYCHOTHERAPEUTIC
SERVICES

APPROVED AS TO FORM:

Dated: 7/1, 2008

PAUL L. REIN
JULIE A. OSTIL
ANN WINTERMAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
FAITH TURNAGE

Dated: 7/1, 2008

JAMES M. SEFF
AMY L. PIERCE
PILLSBURY WINTHROP SHAW PITTMAN

_____
Attorneys for Defendants
FUDENNA BROS., INC.

Dated: 7/1, 2008

ROBERT E. THOMPSON

_____
Attorneys for Defendants
VENITA ANTONIA LUE dba INTEGRATIVE
PSYCHOTHERAPEUTIC SERVICES, INC.

## ORDER

**PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 21, 2008

*IT IS SO ORDERED*
Judge Elizabeth D. Laporte
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

− 2 −

S:\jo\Cases\F\Fremont Medical Building\pleadings\fremont med consent decree v2.DOC